IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**TRACY LYNN PETTY,**

    Petitioner,

vs.   Case No. 4:10cv552-RH/WCS

**UNITED STATES OF AMERICA,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 with supporting memorandum.  Doc. 1.  The filing fee was paid.

Petitioner challenges her conviction and sentence imposed in the Western District of North Carolina for sale or distribution of a controlled substance and conspiracy to do so in violation of 21 U.S.C. §§ 841 and 846.  Doc. 1, p. 2.  For relief, she seeks resentencing or any other appropriate remedy.  *Id.*, p. 6, and attached memorandum, pp. 4-5 (doc. 1, pp. 10-11 in ECF) (Electronic Case Filing).  This is relief generally only available by motion filed pursuant to 28 U.S.C. § 2255, which provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Under the "savings clause" of § 2255, a petition for writ of habeas corpus filed by a prisoner authorized to seek relief under § 2255 "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." § 2255(e). Petitioner previously filed a § 2255 motion, but did not answer the question (posed on the standard § 2255 form) explaining why the § 2255 remedy was inadequate or ineffective. Doc. 1, pp. 2-3.

Petitioner claims entitlement to proceed under the savings clause, asserting the § 2255 remedy is inadequate and ineffective and she is actually innocent. Doc. 1, p. 3. Specifically, she alleges that the statutory sentence was twenty years to life pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851, as it involved at least fifty grams of cocaine base. Doc. 1, attached memorandum, p. 3 (doc. 1, p. 9 in ECF). Petitioner contends that her prior drug offense did not "trigger" § 851 or 18 U.S.C. § 3559(c), because it counts "only if the offense is prosecuted in federal court under the standards set forth in 21 U.S.C. § 841(b)(1)(A)," and must involve five or more kilograms of cocaine or fifty or more grams of cocaine base. *Id.*, p. 4 (p. 10 in ECF). Petitioner claims actual innocence under § 851 and § 3559(c). *Id.* Petitioner cites, *inter alia*, Begay v. United States, 553 U.S. 137,

128 S.Ct. 1581, 170 L.Ed.2d 490 (2008) and Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010) (other citations omitted). Doc. 1, attached memorandum pp. 1-3 (pp. 7-9 in ECF).

The cited opinion in Gilbert is no longer good law. The Gilbert opinion cited by Petitioner was vacated and rehearing en banc was granted. Gilbert v. United States, 625 F.3d 716 (11th Cir. 2010). On rehearing, the Eleventh Circuit affirmed. Gilbert v. United States 640 F.3d 1293, 1323 (11th Cir. 2011). Petitioner there sought § 2241 relief claiming that – due to subsequent legal developments – the sentencing guidelines were improperly applied, and he was barred from seeking relief by second or successive § 2255 motion under § 2255(h). Id., at 1307-08. The court determined that "the savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum." 640 F.3d at 1323.

To proceed under the savings clause, a claim must be based upon a retroactively applicable Supreme Court decision, establishing the petitioner was convicted for a nonexistent defense; and circuit law squarely foreclosed the claim at the time it should have been raised at trial, appeal, or first § 2255 motion. Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (footnote omitted). "[T]he only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent." Id. at 1245 (footnote omitted). See also Gilbert v. United States 640 F.3d 1293, 1319 (11th Cir. 2011) (noting the Wofford holding "is simply that the savings clause does not cover sentence claims

that could have been raised in earlier proceedings.") (footnote and citation to Wofford omitted).  Actual innocence does not establish entitlement to proceed under the savings clause; it is only considered ""[o]nce the savings clause of § 2255 applies to open the portal to a § 2241 proceeding . . . ."  177 F.3d at 1245 (citation omitted).  *See also* 640 F.3d at 1318-1323 (discussing the savings clause and actual innocence in the context of sentencing claims) (discussing Wofford, other citations omitted).

Under § 841(b)(1)(A) at the time of Petitioner's offense and sentencing,[1] for an offense involving 50 grams or more of a substance containing cocaine base, committed "after a prior conviction for a felony drug offense has become final," the statutory minimum sentence was twenty years.  Petitioner references § 851 and a prior drug offense,[2] so a prior drug offense was clearly the basis for the twenty year statutory minimum.  This minimum was not due to application of the sentencing guidelines (which

---

[1] It is noted that the Fair Sentencing Act of 2010 (FSA) "amends the sentencing provisions in 21 U.S.C. § 841(b)(1) by raising from 50 grams to 280 grams the amount of crack necessary to trigger the 10-year mandatory minimum sentence, and raising the amount from 5 to 28 grams necessary to trigger the 5-year minimum."  United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010), *cert. denied*, 131 S.Ct. 1833 (2011) (citation omitted).  The Eleventh Circuit has determined that the FSA applies to defendants who committed crack cocaine offenses before its enactment (on August 3, 2010), only if sentenced after its enactment.  United States v. Vera Rojas, 645 F.3d 1234, 1237-38 (11th Cir. 2011) (distinguishing Gomes).  The FSA does not apply retroactively to benefit defendants sentenced before its enactment.  645 F.3d at 1237-39, discussing 1 U.S.C. § 109 (other citations and footnote omitted).  Petitioner was sentenced in 2006.  Doc. 1, attached memorandum, p. 3 (p. 9 in ECF).

[2] Pursuant to § 851(a), the Government must file an information of its intent to seek increased punishment by reason of one or more prior convictions.

-- according to Petitioner – called for a lesser sentence), or to § 3559(c).[3] The arguments raised do not support a claim for relief.

Petitioner has not demonstrated actual innocence or any other justification to allow consideration of her habeas corpus petition under the savings clause of § 2255.

It is therefore respectfully **RECOMMENDED** that the § 2241 petition for writ of habeas corpus, challenging Petitioner's conviction out of the Western District of North Carolina, be summarily **DISMISSED** pursuant to 28 U.S.C. § 2255(e).

**IN CHAMBERS** at Tallahassee, Florida, on August 25, 2011.


    S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[3] This statute, known as a "three strikes" law, "mandates a sentence of life imprisonment for a defendant who has been convicted of a 'serious violent felony,' if previously convicted of 'one or more serious violent felonies and one or more serious drug offenses.'" United States v. Abraham, 386 F.3d 1033, 1037 (11th Cir. 2004), *cert. denied*, 546 U.S. 934 (2005), *citing* 18 U.S.C. § 3559(c)(1)(A)(ii) (other citation omitted). Petitioner's conviction was for a crack cocaine conspiracy, not a violent felony, and an increased sentence under § 841(a)(1)(A) required only that the offense be committed after a prior felony drug offense became final.

Case No. 4:10cv552-RH/WCS